***NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DAVID CARSON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | : | Civil Action No. 16-5163 (SDW)<br><br>**OPINION** |

**WIGENTON**, District Judge:

Currently before the Court is Defendants' motion to dismiss certain counts of Plaintiffs' complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 2), to which Plaintiffs have filed a response (ECF No.3). For the following reasons, this Court grants the motion and dismisses the New Jersey Department of Corrections from this matter with prejudice, dismisses Defendant Gary Lanigan without prejudice, and dismisses Plaintiff's official capacity claims only to the extent they seek retrospective declaratory relief.

## I. BACKGROUND

Because Defendants seek only the dismissal of a few discrete counts of Plaintiffs' complaint, only a brief recitation of the factual and procedural background of this matter is necessary for the purposes of this Opinion. Plaintiffs, David Carson and Steven Grohs, are currently civilly committed to the Special Treatment Unit (STU) in Avenel, New Jersey, as Sexually Violent Predators (SVPs) pursuant to New Jersey's Sexually Violent Predator Act, N.J.

Stat. Ann. § 30:4-27.24 *et seq.* In mid-June 2016, Plaintiffs filed a putative class action complaint in which they essentially assert that the laundry facilities of the STU are inadequate to serve the needs of the committed SVPS; that those facilities are frequently in disrepair and are slow to be fixed; and that the facility does not permit SVPs to use alternative methods for cleaning their laundry, such as drying wet laundry on hooks when dryers are inaccessible or out of order. (Document 1 attached to ECF No. 1 at 9-17, 20-25). Plaintiffs likewise state that as a result of these allegedly inadequate laundry facilities, Plaintiffs and their fellows in the STU have been exposed to poor conditions including large piles of dirty laundry, having clean clothes returned undried, and having to re-wear dirty clothing repeatedly, all of which Plaintiffs contend deny them their rights to Due Process under the Fourteenth Amendment of the United States Constitution and its analogue in the New Jersey Constitution. (*Id.*). Plaintiffs therefore request the following relief: declaratory relief in the form of findings that the New Jersey Department of Corrections (DOC) and its officers have willfully and wantonly denied Plaintiffs the minimal civilized measure of life's necessities through the poor laundry services at the STU[1] and misused certain funds provided for residents of the facility, various forms of injunctive relief which essentially request that the Court direct Defendants to supply better access and greater levels of laundry service sufficient to remedy the alleged denial of Due Process, compensatory damages both for the alleged

---

[1] Plaintiffs provide many statements of declaratory relief they are seeking, most of which are restatements of this basic principle. (Document 1 attached to ECF No. 1 at 22-23). They also seek several forms of declaratory relief which are essentially part and parcel of their requests for injunctive relief, such as declaratory relief stating that the NJDOC must purchase more laundry machines. (*Id.*). For the purposes of this opinion, this Court refers only to the request for a declaration that Plaintiffs' rights were violated and that certain funds were historically misused when using the term "retrospective" declaratory relief, while Plaintiff's remaining "declaratory" claims will, where necessary, be referred to as part of Plaintiffs' requests for prospective or injunctive relief.

misuse of funds and for any damages and costs incurred by the putative class based on the laundry issues and the filing and pursuit of this matter, and punitive damages as to Defendants Gary Lanigan, the head of the DOC, and Sherry Yates, the former administrator of the STU.[2] (*Id.* at 22-25). Plaintiffs name Yates and Lanigan as Defendants in both their individual and official capacities, with only declaratory and injunctive relief being sought in their official capacities. (*Id.* at 3).

While the DOC and Ms. Yates are sued based on the day to day operation of the STU and its laundry facilities, Plaintiffs seek relief from Defendant Lanigan based on his supervisory role as the Commissioner of the DOC. Plaintiffs connect Lanigan to their allegations by stating that on June 9, 2016, Lanigan "was present [at the STU where] he has seen with his own eyes the overflowing laundry cart, and he has smelled the foul odor emanating from the overflowing laundry cart" and thereafter took "no meaningful actions . . . to ease or to abate the re[curring] and prolonged problems" with the STU's laundry services. (*Id.* at 12). Plaintiffs therefore argue that Lanigan was "deliberately indifferent" to the laundry problems based on this single visit and having taken no action in the few weeks between that visit to the STU and the filing of this complaint. (*Id.* at 23).

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual

---

[2] For the purposes of prospective relief, however, the State and Plaintiffs appear to agree that Yates's successor, Erica Stem, is the appropriate Defendant. (ECF No. 1 at 2; Document 1 attached to ECF No. 1 at 3).

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

In their motions to dismiss, Defendants seek the following: the dismissal of Plaintiffs' declaratory judgment requests against Defendants in their official capacities (and in turn the dismissal of the DOC in all respects) as they are not seeking prospective relief and the dismissal of Defendant Lanigan without prejudice for failure to state a cognizable claim for relief, each of which this Court shall address in turn. Plaintiffs' claims essentially arise out of their allegations that the laundry systems in place at the STU deny them Due Process in violation of both the federal and state constitutions. Plaintiffs' claims therefore arise under 42 U.S.C. § 1983 and its state court analogue, the New Jersey Civil Rights Act. To establish a claim under 42 U.S.C. § 1983, a

plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (§ 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). The New Jersey Civil Rights Act (NJCRA), which is a state constitutional analogue to § 1983, in turn permits individuals to seek redress for violations of their rights under the New Jersey State Constitution committed by persons acting under color of New Jersey law. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011); *see also* N.J. Stat. Ann. § 10:6-2. The NJCRA is therefore generally interpreted nearly identically to § 1983 and claims under the NJCRA are generally coterminous with and subject to the same defenses and immunities as those brought under § 1983. *Trafton*, 799 F. Supp. 2d at 443-44.

Both § 1983 and the NJCRA only permit actions against "persons" acting under color of state law. *See, e.g.*, *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *Brown v. State*, 442 N.J. Super. 406; 426 (App. Div. 2015). Because a state, its prisons, and its executive agencies are not "persons" for the purposes of § 1983 and the NJCRA, they are thus not subject to suit under the statute. *Grohs*, 984 F. Supp. 2d at 280; *Brown* 442 N.J. Super. at 426; *see also Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (State department of corrections and state prison facilities are not "persons" under § 1983). Likewise, because a claim against a state official in his official capacity is merely another means by which to bring a claim against his office and in turn his employer, a state official employed by a prison or department named in his official capacity is also not considered to be a "person" subject to suit under either statute. *Grohs*, 984 F. Supp. 2d at 280-81; *Brown*, 442 N.J. Super. at 426; *see also Will v. Mich. Dep't of State Pol.*, 491

U.S. 58, 71, 71 n. 10 (1989). The sole exception to this rule arises where a plaintiff seeks only prospective injunctive relief as "[o]fficial-capacity actions for prospective relief are not treated as actions against the state." *Grohs*, 984 F. Supp. 2d at 281 (quoting *Will*, 491 U.S. at 71 n. 10); *Brown*, 442 N.J. Super. at 426. This exception, however, "is narrow: [i]t applies only to prospective relief, [and] does not permit judgments against state officers [in their official capacities] declaring that they violated federal law in the past, . . . and has no application in suits against the States and their agencies, which [may not be sued under § 1983] regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

In this matter, Plaintiffs seek both prospective injunctive and retrospective declaratory relief against Defendants Lanigan and Yates in their official capacities. As both Defendants are employees of the DOC, a state agency not subject to suit, Plaintiffs may only seek prospective injunctive relief from them in their official capacities, and any claims for retrospective declaratory relief against them in their official capacities are improperly brought. Plaintiffs' claims against Defendants Lanigan and Yates in their official capacities must therefore be dismissed with prejudice only to the extent Plaintiffs seek retrospective declaratory relief. *Id.* Likewise, because the DOC is a state agency not subject to suit under § 1983 regardless of the relief sought, all of Plaintiffs' claims against the DOC under both § 1983 and the NJCRA must be dismissed from this matter with prejudice. *Id.*; *Grohs*, 984 F. Supp. 2d at 281; *Brown*, 442 N.J. Super. at 426.

Defendants' final argument is that Plaintiffs have failed to plead a cognizable claim for relief as to Defendant Lanigan insomuch as Plaintiffs have failed to plead his personal involvement in the STU's laundry issues. A defendant in a § 1983 or NJCRA case may not be held liable solely on the basis of a respondeat superior theory of liability premised on his vicarious

responsibility for the actions of his subordinates. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Rather, a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode*, 845 F.2d at 1207-08. Generally, a plaintiff seeking to name supervisors as defendants must show each supervisor's participation in the alleged wrongs by pleading either that the supervisor's "establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and acquiesc[ed] to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, Civ. No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 Plaintiff pleading supervisory liability must establish defendant's "participation [in the alleged wrong], or actual knowledge and acquiescence, to be liable").

In this matter, Plaintiffs have pled very few facts as to Defendant Lanigan. Essentially, Plaintiffs argue that Lanigan, shortly before the filing of the complaint, made a single visit to the STU, and, while there, must have seen and smelled the large quantities of laundry piled up in the facility. As a result, Plaintiffs argue, Lanigan must have known about the ongoing laundry woes, and must in turn have turned a blind eye to them by doing nothing to correct the situation after his visit. The inherent flaw in this argument is that, even taking as true Plaintiffs' allegation that Lanigan saw and smelled the piles of laundry during that one visit, that large quantities of dirty laundry were present on a single day is insufficient to establish that Lanigan must have been aware

of the *ongoing* laundry issues. Indeed, that the laundry facilities were overrun on a single day is not necessarily indicative that there is a general laundry issue at all, and would therefore be insufficient to place a supervisory Defendant, such as Lanigan, who does not operate out of the STU facility generally, on notice that there is an ongoing problem that needs to be addressed on a policy level. Because Lanigan's viewing of a laundry back up on a single day is not sufficient to establish that Lanigan should have known about the ongoing laundry issues in the STU, Plaintiffs have failed to plead facts which, if true, would show that he knew of and disregarded those issues, and thus was sufficiently deliberately indifferent to them to be liable for the alleged Due Process violations raised by Plaintiffs. *See, e.g.*, *Grohs v. Santiago*, No. , 2014 WL 4657116 (D.N.J. Sept. 17, 2014) (Due Process conditions of confinement claim requires that a Defendant act with at least deliberate indifference to conditions sufficiently severe to amount to punishment); *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012) (deliberate indifference is "equivalent to a reckless disregard of a known risk of harm"). As Plaintiffs have not otherwise pled a direct claim against Lanigan, the only basis they have pled to hold Lanigan accountable for the STU's laundry issues is an impermissible *respondeat superior* claim, and they have therefore failed to plead a cognizable claim for relief against him under § 1983 or the NJCRA. All of Plaintiffs' remaining claims against Lanigan must therefore be dismissed without prejudice at this time.

## III. CONCLUSION

For the reasons stated above, this court will grant Defendants' motion to dismiss, will dismiss the New Jersey Department of Corrections from this matter with prejudice, will dismiss

Plaintiff's official capacity claims only to the extent Plaintiff's seek retrospective declaratory relief, and will dismiss all of Plaintiffs' claims against Defendant Lanigan without prejudice for failure to state a claim. An appropriate order follows.

_/s/ Susan D. Wigenton__
Hon. Susan D. Wigenton,
United States District Judge