# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CARSON, et al., | Civil Action No. 16-5163 (SDW) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On March 13, 2019, Defendant Sherry Yates filed a motion for summary judgment in this matter. (ECF No. 66). Petitioner did not timely file a response and this Court received no letters or requests for extensions from Petitioner between March 13 and May 16, 2019. (ECF Docket Sheet).

2. On May 16, 2019, this Court entered an order and opinion granting Defendant's motion for summary judgment and entering judgment in favor of Defendant Yates, at that time the sole remaining Defendant. (ECF Nos. 68-69).

3. On May 28, 2019, Plaintiff David Carson filed with this Court a motion, brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeking to have the final order granting summary judgment vacated as the Court did not consider any response from Plaintiff in deciding the motion. (ECF No. 70). Plaintiff attached to that motion a copy of his response to the motion for summary judgment, which he had not previously attempted to file. In his motion, Petitioner argues that he submitted two requests for an extension of time to respond to the summary judgment motion which were never received by this Court, mailed on April 6 and May 3, 2019; that those requests should have been granted had they been received; and that this Court should therefore

1

vacate its order granting summary judgment and rehear the motion for summary judgment and consider his reply, filed nearly two months after it was originally due. *See* L. Civ. R. 7.1(d)(2) (response to motion due 14 days before motion day, in this case by April 1, 2019). Because Petitioner's motion seeks relief based on his own failure to ensure he received an extension before delaying in filing a response, this Court construes the motion to arise under Federal Rule of Civil Procedure 60(b)(1) and (b)(6).

  4. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). Pursuant to Rule 60(b)(1), a party may be relieved of a final judgment under circumstances including "mistake, inadvertence, surprise, or excusable neglect." In determining whether a movant warrants relief under the rule, the Court must consider the prejudice to the non-moving party, whether the improper filing resulting from the mistake in question presents a meritorious claim or defense, the culpability of the moving party, and the effectiveness of alternative sanctions. *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 473 (3d Cir. 2017) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (2d Cir. 1987)). Rule 60(b)(6) instead provides that a party may seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6)

motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

5. Plaintiff essentially argues that he tried to mail two requests for an extension in mid-April and early May, and that had those requests been received they would have extended his time to file his response in this matter sufficiently to make his current opposition papers timely, and that it is thus unjust that his papers not be considered because they could have been timely had Plaintiff been successful in requesting extensions. Initially, the Court must note that while Plaintiff was entitled to one extension of the filing period without leave of the Court had the Court received his April 6 request for an extension, *see* L. Civ. R. 7.1(d)(5) (party making timely extension request can have motion automatically extended to the next motion day without leave of court), such an extension would have reset the motion in question for May 6, 2019, resulting in Plaintiff's opposition papers being due April 22, 2019, more than a month before he filed his papers. *See* L. Civ. R. 7.1(d)(2). Any extension beyond April 22, 2019 would have required leave of the Court.

6. Although this Court, in light of Plaintiff's *pro se* status, would not have held Plaintiff to so strict a time frame had it timely received an extension request, it does not follow that the Court would have granted both of Plaintiff's extension requests in full, and it certainly doesn't follow that this Court would have permitted Plaintiff to file his opposition papers nearly sixty days after they were originally due. Because this Court would not have provided Plaintiff with extensions through May 24, 2019, the date on which he purportedly mailed his Rule 60(b) motion,

3

his response would not have been timely even had this Court received his moving papers on that date, and Plaintiff's excusable neglect in failing to confirm that he had received the requested extensions provides no basis for relief from this Court's judgment in any event.

7. Even had this Court considered Plaintiff's untimely opposition, it would not have changed the outcome of Defendant's motion, and Plaintiff's Rule 60(b) motion must be denied for that reason as well. As this Court explained in its opinion granting summary judgment, to succeed on his claims, Plaintiff was required to show that Defendant Yates acted with "a reckless disregard of a known risk of harm", *see Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012), which requires more than a showing of mere negligence. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). As Plaintiff averred at his own deposition, Yates acted with, at worst, negligence, and the record, including documents Plaintiff himself provided shows that Yates sought to have the machines repaired and replaced and kept up to date on the status of these repairs. (*See* Document 5 attached to ECF No. 70 at 12-195). These same documents also show that Yates and her staff repeatedly purchased repair and replacement equipment, and sought to repair downed laundry machines when they received the necessary parts. (*Id.*). Although Plaintiff submits certifications in his moving papers in which he seeks to backtrack,[1] his own testimony at his deposition, when combined with the supporting documentation he has submitted clearly indicates that Yates, at worst, acted with negligence, which is patently insufficient to support liability.

---

[1] Plaintiff also attempts to reassert his claims that certain funds from an inmate welfare fund were improperly used in repairing laundry machines. Plaintiff has presented no new information or documents which would support this allegation, and his own testimony was that it would be "impossible" for Defendant to have done so. In light of his statement that it was impossible for this to occur, Plaintiff's own testimony defeats this claim to the extent Plaintiff now seeks to revive it.

8. Ultimately, this Court would not have provided Plaintiff with so lengthy an extension to make his current extremely late filing timely, and Plaintiff failed to ensure he received an extension before putting off filing his papers with the Court. For that reason, Plaintiff's neglect fails to provide a basis for relief from the order granting summary judgment. The Court correctly treated the moving papers as unopposed, and Plaintiff's current motion provides no basis for relief. Even so, the Court has fully reviewed the papers Plaintiff has submitted, and having given those papers a full consideration, concludes that those papers would not have impacted the ultimate result of this case – those papers, combined with Plaintiff's own testimony which was noted in this Court's summary judgment opinion, clearly contradict Plaintiff's claims for relief and indicate that Defendant Yates acted with, at worst, negligence. Plaintiff's claims would thus fail even had he timely filed his opposition papers. Plaintiff's motion to vacate this Court's order granting summary judgment fails for that reason as well.

9. In conclusion, Plaintiff's Rule 60 motion seeking relief from the order granting summary judgment in this matter is DENIED. An appropriate order follows.

Dated: September 24, 2019

                                                             *s/ Susan D. Wigenton*
                                                             Hon. Susan D. Wigenton,
                                                             United States District Judge